ORIENT INSURANCE CO. ET AL. V. C. W. MOFFATT ET AL.

Delivered February 27, 1897.

1. **Fire Insurance—Abatement—Garnishment in Other Courts.**
   It is no ground for abatement of an action on fire insurance policies that garnishment suits against the defendants are pending in other courts, but not reduced to judgment.

2. **Evidence—Harmless Testimony.**
   Objectionable testimony of one plaintiff tending to establish his right is not prejudicial to the defendants, when the other plaintiffs will be entitled to maintain the action, if the one testifying is not.

3. **Same—Failure of Party to Testify in Previous Criminal Action Against Himself.**
   Evidence was properly excluded that the insured was arrested for wilfully burning the goods covered by the policy, and that in the criminal proceedings following the arrest he did not attempt to explain the origin of the fire.

4. **Same—Suspicious Circumstances With Which Party is Not Connected.**
   Testimony that certain oil cans introduced as evidence in a former criminal pro-

ceeding against the insured were removed from the court room during the trial, was properly excluded, where there was no attempt to prove that the plaintiffs had anything to do with such removal.

**5. Same—Invoice Taken After Fire.**

An invoice taken by the sheriff shortly after the fire, under attachment process, was properly admitted, as tending to show the value of the goods on hand at that time.

**6. Same—Physical Condition of Insured Charged With Starting Fire.**

Evidence that at the time of the fire the insured was in the last stages of consumption is admissible, as tending to refute the charge that he had set fire to his own property.

**7. Same—Clerk's Testimony as to Value of Goods.**

The evidence of a clerk who has qualified himself to testify is admissible as to the value of the stock of goods a few days prior to the fire.

**8. Same—Proofs of Loss—Trial Balance as Basis.**

A bookkeeper was properly permitted to testify that the proofs of loss under the policy were based upon a trial balance made on the day before the fire, as tending to rebut the charge of a false valuation.

**9. Same—Harmless Testimony.**

Testimony of a witness, improperly admitted, that he had been indicted for playing poker, is not prejudicial, where he acquits himself of the charge.

**10. Verdict—Correction by Court—Erroneous Charge.**

Where the court erroneously charged the jury as to the fractional basis upon which they would apportion the loss among the several defendants, but after verdict discovered the error and re-apportioned the loss upon the correct basis, the aggregate amount of the recovery being unaffected, no prejudicial error is shown.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*W. B. Houston, J. J. O'Fiel,* and *W. S. Essex,* for appellants.—1. The pendency of the garnishment proceedings constitutes a good ground for the abatement of a subsequent action by the creditor in respect to the same debt or property. 8 Am. & Eng. Ency. of Law, par. 1220, and authorities cited.

2. If the books kept by insured do not furnish the data necessary to enable the insurers to test the accuracy of the accounts delivered to them, nor afford any satisfactory idea of the amount of goods on hand and destroyed by fire, he cannot recovery on a policy containing an "iron safe clause." Insurance Co. v. Wilkerson, 13 S. W. Rep., 1103.

3. A verdict corrected by the court will not be valid unless adopted by the jury. Washington v. Bank, 64 Texas, 6.

*Furman & Bowlin, A. H. Carrigan,* and *R. L. Carlock,* for appellees.—1. The pendency of garnishment suits in other courts, not shown to have been reduced to judgment, or in any manner paid off or satisfied by appellants, was not a good plea to appellee's suit, either in abatement or in bar. Rev. Stats., art. 220; Farmer v. Simpson, 6 Texas, 303; Ins. Co. v. Bank, 3 Texas Civ. App., 293; Cooke v. Field, 36 Am. Dec., 437; Sharpe v. Wharton, 85 Ala., 225; Drake on Attach. (7 ed.), secs. 701-708; 8 Am. & Eng. Ency. of Law, 1252.

2. The error in the apportionment furnished by the court to the

jury, and carried into their verdict seems to be a clerical one, and one that the court could correct from the admitted facts in the pleadings, without impairing the validity of the verdict. Handell v. Elliott, 60 Texas, 147; Smith v. Johnson, 8 Texas, 425; Darden v. Matthews, 22 Texas, 321; Nichols v. Nichols, 79 Texas, 332; Tom v. Sayres, 64 Texas, 343.

TARLTON, CHIEF JUSTICE.—On and before August 5, 1893, J. R. Farthing was a merchant in Wichita Falls, and owned the six fire insurance policies involved in this case. On that day a fire occurred in the storehouse occupied by him, in which some of his merchandise covered by the policies was totally destroyed, and the remainder injured.

C. W. Moffatt, as the assignee by oral transfer of these policies, brought six several suits against the different insurance companies, appellants, to recover upon the policies. After the institution of the suits the parties by agreement consolidated them as one suit, which constitutes the proceeding reviewed by us on this appeal.

Subsequent to the institution of the suit, and in the early part of 1894, Farthing died. His widow, Mrs. Emma Farthing, qualified as administratrix of the community estate of herself and her deceased husband, and joined Moffatt as a co-plaintiff.

The assignment of the policies by Farthing to Moffatt was for the purpose of securing the latter in the advancement of money, as also to enable him with the proceeds of the policies to protect certain creditors, the residue, if any, to be delivered to the heirs of Farthing. These heirs also intervened in the case. The policies were of the community estate of J. R. and Emma Farthing, and the indebtedness was community indebtedness.

The verdict of the jury in favor of the plaintiffs for $7495.57 requires that we find that loss to that extent was sustained by Farthing, and that he complied with the conditions of the policies. And upon the several matters of defense urged by the appellants, the verdict requires that we also find the evidence to have been insufficient to establish that Farthing was in any sense guilty in the burning of the property; or that at the time of taking out the policies he concealed from the companies any material fact or circumstance, or made any misrepresentations concerning the insurance on the property or the value thereof; or that after the fire he was guilty of any fraud in making out his claim; or that he failed to keep a set of books showing a correct record of his business transactions, or to keep an inventory in a fire proof safe, as required by the policies; or that he failed and refused to produce the books and inventory to the defendants or their agents; or that the loss was due to an explosion.

*Conclusions of Law.*—1. It is not perceived how the appellants were in any sense injured by the action of the court in retaining, over their protest, C. W. Moffat and Emma Farthing as joint parties plaintiff. The

consolidated petition was filed by agreement of the parties. The first, second, third, sixth and sixteenth assignments of error are thus overruled. They present insignificant contentions.

2. The pendency of certain garnishment suits in the courts of the Justice of the Peace and of the County Court of Wichita County, none of them reduced to judgment against the garnishees would not justify the court in sustaining the plea in abatement urged by the appellants, and praying that the creditors in garnishment should be made parties to this proceeding, especially when the plea in abatement thus relied upon was filed, as in this instance, after the general denial. Again, with reference to these garnishment proceedings, the court in its judgment retained jurisdiction of $2000 of the amount of the verdict, a sum sufficient to meet the claims of the garnishing creditors, thus protecting the appellants from all hazard of a double liability.

3. The action of the court in refusing to exclude the testimony of C. W. Moffatt, one of the plaintiffs, with reference to the transfer by Farthing to him of the policies in question, could not have prejudiced the defendants, for the reason that if Moffatt had not the right to maintain the action, the surviving wife and administratrix of the estate of Farthing, as well as his heirs, were before the court.

4. The court excluded, on objection by the plaintiffs, certain testimony of a witness R. M. Moore, the sheriff of Wichita County, to the effect that he arrested Farthing for willfully burning the stock of goods in question, and that upon the examining trial had before a magistrate, as well as upon a habeas corpus proceeding, and also upon a trial before the District Court upon an indictment found against Farthing, the latter, though present, did not undertake to explain the cause or origin of the fire.

We think this evidence was properly excluded as incriminating testimony. In each instance Farthing was the defendant in a criminal prosecution. Article 770 of the Code of Criminal Procedure extends to the defendant in a criminal action the privilege of testifying in his own behalf, but emphatically prescribes that his failure "to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the case." It follows that on the occasions in question no duty whatever or obligation rested upon the defendant Farthing to explain the cause or origin of the fire. The policy and humanity of the law justified his silence. We are of opinion that no legitimate inference of guilt in that proceeding or in any other could be drawn, as in the nature of a tacit admission on account of silence, when it was in no sense the duty of the accused to speak.

This witness Moore also produced upon the criminal trial in the District Court certain kerosene or oil cans presenting suspicious appearances, as if having been designedly used for the purpose of setting fire to the storehouse of Farthing, in which they were found. These oil cans were stolen or removed from the court room during the trial, and

the defendants complain in this connection of the action of the court in excluding the testimony of Moore showing this removal. His Honor explains his action with the statement that there was no claim that the defendants would prove or attempt to prove that the plaintiffs, or that Farthing, or that any one acting for them, had anything to do with the removing or stealing away the cans from the court room. We decline to condemn the action of the court.

5. In the thirteenth assignment of error complaint is made that the court erred in admitting in evidence an inventory made in a book by three parties, S. L. Moore, C. H. Nicholson and Will Carrigan, shortly after the fire. It contained the invoice taken by the sheriff, assisted by these witnesses, under an attachment process. The book was identified. It was properly admitted, we think, in connection with the testimony of the witnesses, as tending to show the amount of goods on hand after the fire, and their value in a damaged condition. The proposition urged by the appellants under this assignment indicates that the objection to the evidence is on the ground that the plaintiffs did not show a compliance with the iron safe clause. In this connection we deem it sufficient to say that the plaintiffs, under the verdict of the jury, resting upon sufficient evidence, proved a substantial compliance with the iron safe clause, and this sufficed. We thus dispose of the twenty-sixth assignment of error, in connection with the thirteenth.

6. Evidence over the objection of the appellants was admitted to the effect that at the time of the fire Farthing had consumption, and that he was physically a wreck from that disease. It is contended by the appellees that this testimony was admissible as tending to refute the charge that Farthing had set fire to his own property, upon the theory that one in the last stages of consumption would not probably be guilty of so heinous a crime. The writer approves the contention of the appellees; but, in any event, we decline to reverse the judgment upon a circumstance so meagre.

7. The testimony of the witness A. B. Jones, complained of under the eighteenth and nineteenth assignments of error, was admissible on the ground that he had qualified himself to testify. He was thoroughly acquainted with the stock, having been a clerk in the store for one year and up to four or five days prior to the fire. The testimony of this witness tended to show the value of the stock on August 1, prior to the fire on August 5; and taken in connection with that of another witness, Will Farthing, showing the value of the goods sold or taken from the stock after August 1, was admissible upon the question of value at the date of the fire.

8. The twenty-first assignment of error is overruled. If the book referred to, and the absence of which is made the subject of this assignment, was not introduced, the court explains its non-production on the ground that the defendants themselves objected to its introduction. The testimony was material, as tending to show, in connection

with that of A. B. Jones, the value of the goods on hand at the time of the fire.

9.   One of the defenses urged is that Farthing placed a willfully false valuation upon his stock.   Brown, the bookkeeper, testified that he made out a trial balance from the books on August 5, 1893, which he delivered to Farthing, and upon which the proofs were based.   This statement was properly admitted, as containing the data upon which Farthing made up his proofs of loss, and as tending to rebut the charge against him.

10.   If the court improperly admitted testimony elicited on cross-examination from Charles Bond, a witness for the defendants, to the effect that he had been indicted for playing poker or faro, no prejudice resulted, in view of the witness' answer acquitting himself of the charge.

11.   The charge of the court, which we have examined, sufficiently submitted the issues made by the pleadings and evidence.   The requested instructions were properly refused.

12.   The court charged the jury that in the event they should find against the defendants, they would apportion the damages against the several companies on the basis of fractional sixty-ninths, instead of sixty-firsts.   After the rendition of the verdict, the court, discovering the error of calculation which it had made, corrected it in its judgment, in the matter of assessing the recovery against the several companies.   We think there was no prejudicial error committed in this respect.   The aggregate amount of the recovery found by the jury, and wholly unaffected by this action, remained the same.

13.   The testimony supported the amount found by the verdict.   This rests upon conflicting evidence, and will not be disturbed by us.

14.   The judgment of the court, as complained of in the twenty-seventh and forty-first assignments of error, in suspending the execution thereof in order to protect the appellants from a double liability in the garnishnent proceedings, affords no ground of complaint.

15.   The jury found a verdict for both plaintiffs Moffatt and Mrs. Farthing.   The judgment is in conformity therewith.   As already indicated, Moffatt's presence as a plaintiff does not affect the defendants.

An affirmance is ordered.

*Affirmed.*

Writ of error denied.